THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No. 5:22-cv-71

| | |
|---|---|
| MICHAEL MCGUIRE and ) <br> ADELINA MCGUIRE, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> BERGER TRANSFER & STORAGE, INC. ) <br> and ALLIED VAN LINES, INC., ) <br> ) <br>     Defendants. ) | **NOTICE OF REMOVAL** |

The defendants, Berger Transfer & Storage, Inc. ("Berger") and Allied Van Lines, Inc. ("Allied") (collectively "Defendants"), by and through their undersigned counsel, hereby give notice of removal of this matter from the General Court of Justice, District Court Division, County of Lincoln, North Carolina to the United States District Court for the Western District of North Carolina. Defendants state the following grounds in support of removal:

    1.    On or about April 25, 2022, Plaintiffs Michael McGuire ("Michael") and Adelina McGuire ("Adelina") (collectively "Plaintiffs") filed suit against Defendants seeking to recover damages arising from Plaintiffs' interstate move from Luck, Wisconsin to Lincolnton, North Carolina. *See* Plaintiffs' Original Complaint (Exhibit 1B). The lawsuit is styled: *Michael McGuire and Adelina McGuire v. Berger Transfer & Storage, Inc. and Allied Van Lines, Inc.*; is assigned the following cause number: 22CV000499; and is filed in the General Court of Justice, District Court Division, County of Lincoln, North Carolina. A copy of the Summons and Complaint, together with all other process and pleadings served upon the defendant in the State Court Action, are attached hereto as Exhibit 1.

1

2. Defendants' first receipt of Plaintiffs' Original Complaint was through service of process on or about April 28, 2022. Apart from the documents reflected in Exhibit 1 no other pleadings have been filed.

3. This Notice of Removal is filed within thirty (30) days of Defendants' first notice or receipt of Plaintiffs' Original Complaint and is therefore timely filed pursuant to 28 U.S.C. § 1446(b). Both Allied and Berger consent to removal.

4. Removal of a civil action from state court to federal court is governed by 28 U.S.C. § 1441, *et seq*. Section 1441(a) states:

> Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending.

Federal courts have original jurisdiction over federal questions, such as those involving federal laws like the Carmack Amendment here. *See* 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

This Court has original, federal-question jurisdiction over Plaintiffs' claims because they are completely preempted by the Carmack Amendment. *See* 28 U.S.C. § 1331; *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003); *5K Logistics, Inc. v. Daily Exp., Inc.*, 659 F.3d 331, 335 (4th Cir. 2011). The Carmack Amendment, codified at 49 U.S.C. § 14706, governs liability of those who provide transportation services in interstate commerce within the jurisdiction of the Surface Transportation Board, and claims for loss or damage to shipments moved in interstate commerce. *See Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 704 (4th Cir. 1993) (discussing that the Carmack Amendment creates "a national scheme of carrier liability for goods damaged or lost during interstate shipment under a valid bill of lading.").

Generally, to be the basis for a proper removal, a federal question must appear on the face of a well-pleaded complaint. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *PCI Transp., Inc. v. Fort Worth & W.R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005); *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 823 F. Supp. 2d 578, 583 (S.D. Tex. 2011); *Advanced Sterilizer Dev. & Design, Inc. v. Roadway Express, Inc.*, No. 1:02CV 285, 2002 WL 31165144, at *2 (M.D.N.C. Aug. 21, 2002). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of Plaintiffs' properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, under the complete-preemption doctrine (a corollary to the well-pleaded complaint rule), removal is proper if federal legislation is so complete that it entirely supplants the state-law claims. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987); *see also Pinney v. Nokia, Inc.*, 402 F.3d 430, 449 (4th Cir. 2005) (discussing that the doctrine of complete preemption "converts an ordinary state common law complaint into one stating a federal claim," citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987), and that the federal claim is deemed to appear on the face of the complaint, citing *Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 187 (4th Cir. 2002)); *see also Advanced Sterilizer*, 2002 WL 31165144, at *2 (discussing that a corollary to this rule "allows removal where federal law completely preempts an asserted state-law claim.") (quoting *Rivets v. Regions Bank of La.*, 522 U.S. 470, 475–76 (1998)).

Although state-law claims are typically not federal questions, when federal law completely preempts them, they are rendered "federal in nature." *Ultraflo*, 823 F. Supp. 2d at 583 (quoting *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 24 (1983)); *see also Pinney*, 402 F.3d at 449. A completely preempted state-law claim is considered federal from its inception. *Ultraflo*, 823 F. Supp. 2d at 583 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987)); *see also Pinney*, 402 F.3d at 449. State and common law claims

involving loss or damage to goods during interstate transportation are completely preempted under the Carmack Amendment. *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) (The Carmack Amendment is "*the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier*." (emphasis in original)); *see also Advanced Sterilizer*, 2002 WL 31165144, at *2. Where, as here, a plaintiff files suit in state court and asserts state-law claims to recover damages related to loss or damage to household goods arising from an interstate shipment, such claims are completely preempted by the Carmack Amendment and a defendant may remove the same to federal court. *See Advanced Sterilizer*, 2002 WL 31165144, at *2 ("If Plaintiffs' claim does meet the requirements of the Carmack Amendment, then federal preemption requires the Court to treat the action as one arising under federal law and Defendant's removal of the action would be proper.").

5. Here, Plaintiffs' claims against Defendants stem from Plaintiffs' interstate move from Luck, Wisconsin to Lincolnton, North Carolina pursuant to a shipping contract between Plaintiffs and Defendants. Exhibit 1B at 2, ¶6. Specifically, Plaintiffs allege that they entered into a contract with Defendants "for the service of moving personal property" from Wisconsin to North Carolina. *Id*. Plaintiffs further allege that, "[o]n April 23, 2018, Defendants came to the Plaintiff's home … to begin packing items and moving the items." *Id*. at ¶15. The items were to be delivered to Plaintiffs' in North Carolina in June 2018. *See i*d. at ¶18. Defendants allegedly delivered the items on June 12, 2018. *Id*. at ¶19. Plaintiffs allege that, after unpacking the items, they "discovered damages [and] missing items." *Id*. at 3, ¶26. Thus, Plaintiffs' alleged damages arise solely from the alleged loss and/or damage to household goods occurring during interstate transit via a motor carrier. As a result, Plaintiffs' claims are completely preempted by, subject to, and governed by

the Carmack Amendment to the Interstate Commerce Act (the "Carmack Amendment"). *See* 49 U.S.C. §§ 14706, 13501(1).

Although Plaintiffs have pled state-law claims for breach of contract, negligence, bad faith breach of insurance contract, and unfair and deceptive trade practices, *see* Exhibit 1B at 4-6. Plaintiffs' lawsuit stems from the alleged loss or damage to household goods shipped interstate from Wisconsin to North Carolina. Therefore, Plaintiffs' state-law claims are completely preempted by the Carmack Amendment, and Plaintiffs' action is in fact "federal in nature" and qualifies as a federal question on its face. *See Hoskins*, 343 F.3d at 778; *see also Advanced Sterilizer*, 2002 WL 31165144, at *2–4. Thus, Plaintiffs' claims, and this action, are removable under 28 U.S.C. § 1441. *See Advanced Sterilizer*, 2002 WL 31165144, at *2–4 (discussing that removal is proper where the Carmack Amendment completely preempts a party's state law claims).

9. Title 28 U.S.C. § 1337(a) grants original jurisdiction only to Carmack Amendment cases exceeding $10,000 in controversy. In other words, Carmack Amendment cases are not removable "unless the matter in controversy exceeds $10,000 exclusive of interest and costs." 28 U.S.C. § 1445(b). Here, Plaintiffs allege that they seek monetary relief "in an amount in excess of ten thousand dollars." Exhibit 1B at 3. Thus, Plaintiffs' claims for damages exceed the minimal jurisdictional value of $10,000, as required by 28 U.S.C. § 1337(a) and 28 U.S.C. § 1445(b).

10. In summary, Plaintiffs' state-law claims against Defendants arise from the interstate transportation of Plaintiffs' household goods by a motor carrier, which are completely preempted by federal law; and Plaintiffs' claims exceed $10,000, and thus qualify for removal under 28 U.S.C. §§ 1337(a) and 1445(b). Therefore, this matter is properly removable.

11. Moreover, Plaintiffs could have originally brought their claims for damages in this Court, as there is federal-question jurisdiction, and venue is proper in this Court.

12. Written notice of the filing of this Notice of Removal has been given to all parties herein, and a copy of this Notice is being filed with the General Court of Justice, District Court Division, County of Lincoln, North Carolina.

WHEREFORE, the Defendants respectfully request that the above action now pending against it in the General Court of Justice, District Court Division, County of Lincoln, North Carolina, be removed therefrom to this Honorable Court.

Respectfully submitted, this the 27th day of May 2022.

/s/ Reid C. Adams, Jr.
Reid C. Adams, Jr.
N.C. State Bar No. 9669
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
E-mail: Cal.Adams@wbd-us.com

Vic H. Henry
TBA No. 09484250
vhhenry@hoaf.com
Emileigh Hubbard
TBA No. 24076717
ehubbard@hoaf.com

**HENRY ODDO AUSTIN & FLETCHER,**
   **a Professional Corporation**
1700 Pacific Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 658-1900
Facsimile: (214) 658-1919

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an attorney at law licensed to practice in the State of North Carolina, is the attorney for the Defendants in this matter, and is a person of such age and discretion as to be competent to serve process.

I hereby certify that on May 27, 2022, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and mailed a copy in a first-class postpaid envelope and addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and its contents in the United States Mail at Winston-Salem, North Carolina.

Holden B. Clark
Hometown Counsel
110 Dr. Martin Luther King Jr. Way
Gastonia, NC 28052
980-285-8855
holden@hometowncounsel.com

*Attorney for Plaintiffs*

/s/ Reid C. Adams, Jr.
Reid C. Adams, Jr.
N.C. State Bar No. 9669
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
E-mail: Cal.Adams@wbd-us.com

Vic H. Henry
TBA No. 09484250
vhhenry@hoaf.com
Emileigh Hubbard
TBA No. 24076717
ehubbard@hoaf.com

**HENRY ODDO AUSTIN & FLETCHER,**
    **a Professional Corporation**
1700 Pacific Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 658-1900
Facsimile: (214) 658-1919

*Attorneys for Defendants*

7

Case 5:22-cv-00071-KDB-DCK   Document 1   Filed 05/27/22   Page 7 of 7