THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No. 5:22-cv-71

MICHAEL MCGUIRE and )
ADELINA MCGUIRE, )
 )
    Plaintiffs, )
 )
vs. )
 )   **NOTICE OF REMOVAL**
 )
BERGER TRANSFER & STORAGE, INC. )
and ALLIED VAN LINES, INC., )
 )
    Defendants. )

## INDEX OF DOCUMENTS FILED IN STATE COURT

The defendants, Berger Transfer & Storage, Inc. ("Berger") and Allied Van Lines, Inc. ("Allied") (collectively "Defendants"), by and through their undersigned counsel, and in connection with their removal of this action from the General Court of Justice, District Court Division, County of Lincoln, North Carolina, show that the following documents have been filed in state court.

| Exhibit No. | Date Filed | Document |
|---|---|---|
| 1A | 04-25-2022 | General Civil Action Cover Sheet |
| 1B | 04-25-2022 | Plaintiffs' Original Complaint |
| 1C | 04-25-2022 | Servicemembers Civil Relief Act Declaration |
| 1D | 04-25-2022 | Civil Summons |

| STATE OF NORTH CAROLINA | File No. 22CV-00499 |
|---|---|
| Lincoln County | In The General Court Of Justice ☐ District ☐ Superior Court Division |

| Name And Address Of Plaintiff 1 | |
|---|---|
| MICHAEL MCGUIRE c/o Holden B. Clark 110 Dr. MLK Jr. Way Gastonia, NC 28052 | 2022 APR 25 P 4:24 LINCOLN CO., C.S.C. BY_____ |
| Name And Address Of Plaintiff 2 ADELINA MCGUIRE c/o Holden B. Clark 110 Dr. MLK Jr. Way Gastonia, NC 28052 | **GENERAL CIVIL ACTION COVER SHEET** ☒ INITIAL FILING ☐ SUBSEQUENT FILING |

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

**VERSUS**

| Name And Address Of Defendant 1 | Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address) |
|---|---|
| BERGER TRANSFER & STORAGE, INC. Tanya LaFrenier, Registered Agent 10350 Nations Ford Road Suite Y Charlotte, NC 28273 | HOLDEN B. CLARK Hometown Counsel 110 Dr. MLK Jr. Way Gastonia, NC 28052 |
| Summons Submitted ☒ Yes ☐ No | Telephone No. 980-285-8855 — Cellular Telephone No. |
| | NC Attorney Bar No. 45932 — Attorney Email Address holden@hometowncounsel.com |
| Name And Address Of Defendant 2 ALLIED VAN LINES, INC. Corporation Service Company 2626 Glenwood Ave, Suite 550 Raleigh, NC 27608 | ☒ Initial Appearance in Case ☐ Change of Address |
| | Name Of Firm: Hometown Counsel — Fax No. 980-285-8844 |
| Summons Submitted ☒ Yes ☐ No | Counsel For ☒ All Plaintiffs ☐ All Defendants ☐ Only: (list party(ies) represented) |

☐ Jury Demanded In Pleading ☐ Complex Litigation ☐ Stipulate to Arbitration

**TYPE OF PLEADING**

(check all that apply)

- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) (see Note)
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNFJ)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) Assess Court Costs
- ☐ Crossclaim (list on back) (CRSS) Assess Court Costs
- ☐ Dismiss (DISM) Assess Court Costs
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)

- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other (specify and list each separately)

**NOTE:** All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

(Over)

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

| | CLAIMS FOR RELIEF | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) <br> ☐ Appointment Of Receiver (APRC) <br> ☐ Attachment/Garnishment (ATTC) <br> ☐ Claim And Delivery (CLMD) <br> ☐ Collection On Account (ACCT) <br> ☐ Condemnation (CNDM) <br> ☐ Contract (CNTR) <br> ☐ Discovery Scheduling Order (DSCH) <br> ☐ Injunction (INJU) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP) <br> ☐ Medical Malpractice (MDML) <br> ☐ Minor Settlement (MSTL) <br> ☐ Money Owed (MNYO) <br> ☐ Negligence - Motor Vehicle (MVNG) <br> ☐ Negligence - Other (NEGO) <br> ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN) <br> ☐ Possession Of Personal Property (POPP) | ☐ Product Liability (PROD) <br> ☐ Real Property (RLPR) <br> ☐ Specific Performance (SPPR) <br> ☒ Other *(specify and list each separately)* <br> BREACH OF CONTRACT |

Date: 04/14/2022

Signature Of Attorney/Party: [signed]

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |

| No. | ☐ Additional Defendant(s)   ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

Plaintiff(s) Against Whom Counterclaim Asserted

Defendant(s) Against Whom Crossclaim Asserted

AOC-CV-751, Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts

STATE OF NORTH CAROLINA FILED      IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
COUNTY OF LINCOLN    2022 APR 25 P 4: 25    22-CVD-

**22CV 00499**

LINCOLN CO., C.S.C.
MICHAEL MCGUIRE and
ADELINA MCGUIRE,    BY_____

       Plaintiffs,

vs.

BERGER TRANSFER & STORAGE, INC
and ALLIED VAN LINES, INC,

       Defendants.

**COMPLAINT**
**Breach of Contract**

**COMES NOW** the Plaintiffs, complaining of the actions of Defendants, and alleging and saying as follows:

## PARTIES AND JURISDICTION

1. The Plaintiffs are citizens and residents of Lincoln County, North Carolina.

2. The Defendant Berger Transfer & Storage, Inc (hereinafter "Defendant Berger") is a Foreign Corporation, organized and incorporated within the State of Delaware with its principal place of business in Saint Paul, Minnesota and its regulatory office located at 10350 Nations Ford Road, Suite Y, Charlotte NC 28273. The Defendant regularly conducts business in the State of North Carolina.

3. That Defendant Allied Van Lines, Inc (hereinafter "Defendant Allied") is a Foreign Corporation, organized and incorporated within the state of Delaware, with its principal place of business in Fort Wayne, Indiana and its regulatory office located at 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608. The Defendant regularly conduct business in the State of North Carolina.

4. Jurisdiction is proper in this state since Plaintiffs are citizens and residents of this state and Defendants is a foreign corporation registered and doing business in the State of North Carolina.

5. Lincoln County is a proper venue for this matter as the Plaintiffs are located in Lincoln County and the relevant facts took place in Lincoln County, North Carolina.

## FACTS

6. Plaintiffs entered into a contract with Defendants entitled "Estimate and Order for Service", attached hereto as "Exhibit A" for the service of moving personal property from 1925 Little Blake Lake Court, Luck, Wisconsin 54853 to 2473 Myra Lane, Lincolnton, North Carolina 28092.

7. Defendant Berger is an agent of Defendant Allied.

8. Defendant Allied is a national organization that specializes in residential relocations and provides moving services for consumers.

9. Defendant Berger sells and operates transportation services as a contractor/agent for Defendant Allied.

10. Defendant Allied was represented at all relevant times by various agents Defendant Berger including a moving consultant, movers, and other relevant parties.

11. Defendant Allied was also represented by agents of their organization that were Claims Specialists and other relevant parties.

12. That the contract included the provisions for moving furniture as well as a protection option for the items.

13. That protection option included a $0 deductible with a full replacement value of $18,478.21.

14. The Plaintiffs and Defendants agreed to the Estimate and Order for Service on March 30, 2018.

15. On April 23, 2018, the Defendants came to the Plaintiff's home in Minnesota to begin packing items and moving the items.

16. The intention was for the items to be stored until the Plaintiffs found a home in Lincolnton, NC.

17. As part of the process, the Plaintiffs and the Defendants identified each and every item that was included on the truck and an inventory was created.

18. Upon information and belief, Defendant Berger was tasked with transferring the product to the Plaintiff's home in June of 2018.

19. The Defendants, and/or their agents, arrived at the home of the Plaintiffs of June 12, 2018, to deliver items.

20. The Plaintiffs were informed some time shortly before the arrival that the original truck that was to deliver their personal items broke down and the items had to be removed and transferred from one truck to another.

21. The Plaintiffs understood this to mean that the items were transferred on the side of the road.

22. The Defendants were represented by agents who indicated that they needed to get the items off the truck because they had other items that needed to be delivered.

23. The agents were unknown to the Plaintiffs but were in a Defendant Allied branded van with the property of the Plaintiffs.

24. The Plaintiffs were threatened with overage costs if they did not allow a quick unload of their personal items.

25. The agents of the Defendants required the Plaintiffs to sign a purported Bill of Lading, stating that if they couldn't get to their next location additional costs would incur to the Plaintiffs.

26. The Plaintiff had labeled each room in his house to help the delivery workers know where each box needed to be placed. The Plaintiff stationed himself at the delivery truck to direct where each box needed to go; however, the delivery workers kept calling him into the house for the Plaintiff to redirect where each box needed to go. During the time the Plaintiff was in the house, boxes continued to be moved off the truck, so the Plaintiff was not able to check off every box that was delivered. The Plaintiffs began slowly unpacking items and discovered damages, missing items, and subsequently made a claim with the appropriate parties as directed by the Defendant.

27. A claim for the lost and broken items was made in September of 2018.

28. Subsequently, the Plaintiffs amended the claim and acknowledgement was received on October 10, 2018, stating that the claims process would begin.

29. At no time were the Plaintiffs given any documents that explained the claims procedure, who, if any party, is the insuring party for the Defendants, or any limitations on rights to recovery.

30. The Plaintiffs relied on the process of the insurance claim to attempt to resolve the issues.

31. After over a year of attempts to resolve the dispute, on August 29, 2019, the agent of Defendant, Allied Van Lines, concluded their investigation and processing of the claim. This last letter was specifically related to lost Sterling Silver.

32. The Plaintiffs disputed the results of the investigation and offered evidence to Defendant Allied's agents.

33. During the course of the investigation, some small items of furniture were repaired as a result of the damage that was done during the move.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

34. The allegations contained in Paragraphs 1 through 33 are hereby realleged as if fully stated herein.

35. The Plaintiffs and the Defendants entered into a contract with Berger Transfer and Storage, Inc., by and through Allied Van Lines, on March 30, 2018.

36. In the agreement the Plaintiffs purchased a Protection Option with insurance of up to $125,000 including a $0 deductible as agreed to on the Bill of Lading.

37. The Plaintiff's property was damaged and lost as a result of the Defendant's conduct.

38. The Defendants breached the contract when the Defendants refused to honor the agreement with respect to the damaged and lost property and finalized their investigation.

39. The Defendants breached the Contract when the Defendant refused to honor the insurance agreement arrangement on August 29, 2019.

40. The breach of contract was ongoing in nature and resulted in delays due to the deception of the Defendants.

41. That the Defendants deceived the Plaintiff's to believe that arbitration was the singular remedy by which they may move forward.

42. The Plaintiffs suffered damages in excess of $10,000 as a result.

## SECOND CAUSE OF ACTION
### (Negligence)

43. The allegations contained in Paragraphs 1 through 42 are hereby realleged as if fully stated herein.

44. The Defendant Berger owed the Plaintiffs a duty of care to protect their property from theft and damage while in transit.

45. The Defendant Berger breached this duty when it allowed for the property to be damaged and stolen.

46. That the Defendant Berger breached the ordinary care by transferring the products on the side of the road when their truck broke down.

47. That the Plaintiffs' personal items were damaged and stolen as a result of the Defendant Berger's actions.

48. That by allowing Defendant Berger to act as an agent on their behalf, Defendant Allied is responsible by respondent superior for the actions of Defendant Berger.

49. That the Plaintiffs have been damaged in excess of $10,000 as a result.

## THIRD CAUSE OF ACTION
### (Bad Faith Breach of Insurance Contract)

50. The allegations contained in Paragraphs 1 through 49 are hereby realleged as if fully stated herein.

51. The Plaintiffs entered into an agreement for excess coverage (known as "Extra Care Protection") with a $0 deductible.

52. The Plaintiffs purchased the excess coverage for the financial security of any issues that may have presented themselves in the move.

53. The Defendant failed in any meaningful way to provide education, assistance, or to help the Plaintiff understand hidden terms associated with said excess coverage.

54. The Defendant stood by the action of their agents and denied based on the signed bill of lading.

55. The Defendant did attempt to repair certain damaged items.

56. The Defendant failed to replace any missing items or pay a claim after receiving and recognizing the claim.

57. The Defendant Allied fraudulently misrepresented to the Plaintiffs that there only step was to enter into arbitration.

58. The Plaintiffs attempted to enter into arbitration and that was Denied by the Defendant.

59. The Defendant worked to intentionally delay the investigation and carried out an investigation that took approximately sixteen months (16) from the date of delivery to finalization.

60. The Defendant did not provide any information as to the limitations of the insurance policy, the extent of the coverage, or how any lost items would be handled with the exception of the language contained in the Estimate and Order for Service.

## FOURTH CAUSE OF ACTION
### (Unfair and Deceptive Trade Practices)

61. The allegations contained in Paragraphs 1 through 60 are hereby realleged as if fully stated herein.

62. The Defendants engaged in an unfair and deceptive trade practice by intending to deceive, mislead, and prevent the Plaintiff from fairly understanding their rights and abilities to make a claim.

63. That the Defendant's actions took place in and affect commerce in the State of North Carolina.

64. The Defendant's actions proximately caused damages to the Plaintiff for failure to honor the insurance policy that was purchased by the Plaintiff.

**WHEREFORE**, Plaintiffs respectfully prays the court as follows:

1. That the Plaintiffs have and recover damages from Defendants in an amount in excess of ten thousand dollars, to be shown at trial;

2. For such other and further relief as to the court seems just and appropriate.

Respectfully submitted this the 13th day of April, 2022.

Holden B. Clark
NC Bar #45932
Hometown Counsel
110 Dr. Martin Luther King Jr. Way
Gastonia, NC 28052
980-285-8855
holden@hometowncounsel.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

Certified that on the 25th day of April 2022, I have served a copy of the foregoing **Complaint for Breach of Contract** by certified mail return receipt requested, addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and its contents in the United States Mail:

Berger Transfer & Storage, Inc.
Tanya LaFrenier, Registered Agent
10350 Nations Ford Road Suite Y
Charlotte, NC 28273

Allied Van Lines, Inc.
Corporation Service Company
2626 Glenwood Ave, Suite 550
Raleigh, NC 27608

/s/ Holden B. Clark
Holden B. Clark
NC Bar #45932
Hometown Counsel
110 Dr. Martin Luther King Jr. Way
Gastonia, NC 28052
(980) 285-8855
holden@hometowncounsel.com
*Attorney for Plaintiffs*

# STATE OF NORTH CAROLINA

Lincoln County

File No. _____

In The General Court Of Justice

**Name And Address Of Plaintiff**
MICHAEL MCGUIRE and ADELINA MCGUIRE
c/o Holden B. Clark
110 Dr. MLK Jr. Way
Gastonia, NC 28052

**VERSUS**

**Name And Address Of Defendant**
ALLIED VAN LINES, INC.
Corporation Service Company
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608

[stamp: 2022 APR 25 P 4:24 LINCOLN CO., C.S.C. BY ____]

## SERVICEMEMBERS CIVIL RELIEF ACT DECLARATION

G.S. Ch. 127B, Art. 4; 50 U.S.C. 3901 to 4043

**NOTE:** Though this form may be used in a Chapter 45 Foreclosure action, it is not a substitute for the certification that may be required by G.S. 45-21.12A.

## DECLARATION

I, the undersigned Declarant, under penalty of perjury declare the following to be true:

1. As of the current date: (check one of the following)
   - ☐ a. I have personal knowledge that the defendant named above is in military service.*
   - ☒ b. I have personal knowledge that the defendant named above is **not** in military service.*
   - ☐ c. I am unable to determine whether the defendant named above is in military service.*

2. As of the current date, I ☐ have ☒ have not received a copy of a military order from the defendant named above relating to State active duty as a member of the North Carolina National Guard or service similar to State active duty as a member of the National Guard of another state. See G.S. 127B-27 and G.S. 127B-28(b).

3. I ☐ used ☒ did not use the Servicemembers Civil Relief Act Website (https://scra.dmdc.osd.mil/) to determine the defendant's federal military service.
   ☐ The results from my use of that website are attached.
   (**NOTE:** The Servicemembers Civil Relief Act Website is a website maintained by the Department of Defense (DoD). If DoD security certificates are not installed on your computer, you may experience security alerts from your internet browser when you attempt to access the website. Members of the North Carolina National Guard under an order of the Governor of this State and members of the National Guard of another state under an order of the governor of that state will **not** appear in the SCRA Website database.)

4. The following facts support my statement as to the defendant's military service: (State how you know the defendant is or is not in the military. Be specific.)
   The Defendant is a company.

*NOTE: The term "military service" includes the following: active duty service as a member of the United States Army, Navy, Air Force, Marine Corps, or Coast Guard; service as a member of the National Guard under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days for purposes of responding to a national emergency; active service as a commissioned officer of the Public Health Service or of the National Oceanic and Atmospheric Administration; any period of service during which a servicemember is absent from duty on account of sickness, wounds, leave, or other lawful cause. 50 U.S.C. 3911(2). The term "military service" also includes the following: State active duty as a member of the North Carolina National Guard under an order of the Governor pursuant to Chapter 127A of the General Statutes, for a period of more than 30 consecutive days; service as a member of the National Guard of another state who resides in North Carolina and is under an order of the governor of that state that is similar to State active duty, for a period of more than 30 consecutive days. G.S. 127B-27(3) and G.S. 127B-27(4).

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

| Date | Signature Of Declarant | Name Of Declarant (type or print) |
|---|---|---|
| 04/14/2022 | /s/ | Holden B. Clark |

**NOTE TO COURT:** Do not proceed to enter judgment in a non-criminal case in which the defendant has not made an appearance until a Servicemembers Civil Relief Act affidavit or declaration (whether on this form or not) has been filed, and if it appears that the defendant is in military service, do not proceed to enter judgment until such time that you have appointed an attorney to represent him or her.

(Over)

AOC-G-250, Rev. 5/21
© 2021 Administrative Office of the Courts

# Information About Servicemembers Civil Relief Act Affidavits And Declarations

1. **Plaintiff to file affidavit/declaration**
   In any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit—
   (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
   (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.
   50 U.S.C. 3931(b)(1).

2. **Appointment of attorney to represent defendant in military service**
   If in a civil action or proceeding in which the defendant does not make an appearance it appears that the defendant is in military service, the court may not enter a judgment until after the court appoints an attorney to represent the defendant. If an attorney appointed to represent a service member cannot locate the service member, actions by the attorney in the case shall not waive any defense of the service member or otherwise bind the service member. 50 U.S.C. 3931(b)(2). State funds are not available to pay attorneys appointed pursuant to the Servicemembers Civil Relief Act. To comply with the federal Violence Against Women Act and in consideration of G.S. 50B-2(a), 50C-2(b), and 50D-2(b), plaintiffs in Chapter 50B, Chapter 50C, and Chapter 50D proceedings should not be required to pay the costs of attorneys appointed pursuant to the Servicemembers Civil Relief Act. Plaintiffs in other types of actions and proceedings may be required to pay the costs of attorneys appointed pursuant to the Servicemembers Civil Relief Act. The allowance or disallowance of the ordering of costs will require a case-specific analysis.

3. **Defendant's military status not ascertained by affidavit/declaration**
   If based upon the affidavits filed in such an action, the court is unable to determine whether the defendant is in military service, the court, before entering judgment, may require the plaintiff to file a bond in an amount approved by the court. If the defendant is later found to be in military service, the bond shall be available to indemnify the defendant against any loss or damage the defendant may suffer by reason of any judgment for the plaintiff against the defendant, should the judgment be set aside in whole or in part. The bond shall remain in effect until expiration of the time for appeal and setting aside of a judgment under applicable Federal or State law or regulation or under any applicable ordinance of a political subdivision of a State. The court may issue such orders or enter such judgments as the court determines necessary to protect the rights of the defendant under this Act. 50 U.S.C. 3931(b)(3).

4. **Satisfaction of requirement for affidavit/declaration**
   The requirement for an affidavit above may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury. 50 U.S.C. 3931(b)(4). The presiding judicial official will determine whether the submitted affidavit is sufficient.

5. **Penalty for making or using false affidavit/declaration**
   A person who makes or uses an affidavit permitted under 50 U.S.C. 3931(b) (or a statement, declaration, verification, or certificate as authorized under 50 U.S.C. 3931(b)(4)) knowing it to be false, shall be fined as provided in title 18, United States Code, or imprisoned for not more than one year, or both. 50 U.S.C. 3931(c).

AOC-G-250, Side Two, Rev. 5/21
© 2021 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

Lincoln County

File No. 22CV 00499

In The General Court Of Justice
☐ District ☐ Superior Court Division

**Name Of Plaintiff**
MICHAEL MCGUIRE and ADELINA MCGUIRE

**Address**
c/o Holden B. Clark, 110 Dr. MLK Jr. Way

**City, State, Zip**
Gastonia, NC 28052

**VERSUS**

**Name Of Defendant(s)**
BERGER TRANSFER & STORAGE, INC.
ALLIED VAN LINES, INC.

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

### To Each Of The Defendant(s) Named Below:

**Name And Address Of Defendant 1**
BERGER TRANSFER & STORAGE, INC.
Tanya LaFrenier, Registered Agent
10350 Nations Ford Road Suite Y
Charlotte, NC 28273

**Name And Address Of Defendant 2**
ALLIED VAN LINES, INC.
Corporation Service Company
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**
Holden B. Clark
Hometown Counsel
110 Dr. MLK Jr. Way
Gastonia, NC 28052

**Date Issued:** 4/25/22   **Time:** 4:24 ☐ AM ☒ PM

**Signature:** Donna M. Gilbert
☐ Deputy CSC  ☒ Assistant CSC  ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement:**   **Time:** ☐ AM ☐ PM
**Signature:**
☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts